IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CV 54 MR WCM

| | |
|---|---|
| WILLIAM MOSIER, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) ORDER<br>)<br>) |
| SOUTHEAST ENERGY, LLC and<br>ANNE E. DYER, | )<br>)<br>) |
| Defendants. | )<br>) |

On February 24, 2020, Defendants Southeast Energy, LLC and Anne E. Dyer filed a Notice of Removal to Federal Court (the "Notice," Doc. 1) in which they assert that federal subject matter jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332. Doc. 1, ¶¶ 5-6.

On March 4, 2020, Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing that Plaintiff's claim is barred by contributory negligence. See Doc. 3-2, pp. 3-6. The Motion to Dismiss has been referred to the undersigned for the entry of a Memorandum and Recommendation.

A court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed. 1097

(2006); see also Ashcroft v. Iqbal, 556 U.S. 662, 671, 129 S.Ct. 1937, 173 L.Ed. 868 (2009) ("Subject-matter jurisdiction cannot be forfeited or waived and should be considered when fairly in doubt."). "As a general rule, when subject-matter jurisdiction is challenged, the party asserting jurisdiction…bears the burden of establishing it." Luna-Reyes v. RFI Construction, LLC, 57 F.Supp.3d 495, 499 (M.D.N.C. 2014).

In his Complaint, Plaintiff alleges that he "sustained serious and painful injuries to his person, forcing him to incur expenses for obtaining medical treatment for his injuries, disrupting plaintiff's lifestyle, causing the plaintiff to miss time from work and lose substantial income, causing the plaintiff to sustain injuries which are permanent and disfiguring in nature, and causing other losses to the plaintiff to be later proved at trial, all to the damage of the plaintiff in an amount in excess of $25,000.00." Doc. 1-1, ¶ 16.

The Notice states that "the amount in controversy exceeds $75,000.00, exclusive of interest and costs" but does not provide additional information in this regard. Doc. 1.1, ¶ 6.

Accordingly, Defendants are **DIRECTED** to file, by May 15, 2020, a memorandum, not to exceed five (5) pages in length, describing the basis for their contention that the amount in controversy supports diversity jurisdiction.

Plaintiff may file, within ten (10) days following Defendants' filing, a response, also not to exceed five (5) pages.

It is so ordered.

Signed: April 28, 2020

W. Carleton Metcalf
United States Magistrate Judge