## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:20 CV 54 MR WCM

| | | |
|---|---|---|
| WILLIAM MOSIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM AND |
| v. | ) | RECOMMENDATION |
| | ) | |
| SOUTHEAST ENERGY, LLC and | ) | |
| ANNE E. DYER, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants' Motion to Dismiss (Doc. 3) which has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). Plaintiff has responded (Doc. 4) and Defendants have replied (Doc. 5).

## I.    Relevant Background

Plaintiff William Mosier ("Plaintiff") alleges that on June 16, 2018, Defendants owned or leased, maintained, and operated Southeast Energy Store 1425 in Henderson County, North Carolina (the "Store"). Doc. 1-1 at ¶ 7.

On that day, Plaintiff was operating a motorcycle and stopped at the Store to purchase a drink. According to the Complaint, Plaintiff "proceeded to back up his motorcycle, using the proper method of placing his motorcycle in neutral and – while straddling his motorcycle – walking backwards toward his

1

desired destination." Plaintiff alleges that he "then stepped onto pavement which dislodged and disintegrated beneath him, causing him to fall onto the pavement, causing his motorcycle to fall upon his body, and causing Plaintiff to suffer serious injuries." Id. at ¶ 8.

Plaintiff alleges that it was "well known to defendants and their employees" that the area where Plaintiff fell was "unusually dangerous" and "was not reasonably maintained to prevent substantial disintegration of the pavement or deterioration to such an extent that the surface was incapable of providing a reasonably safe surface for patrons like Plaintiff to exercise usual care for his own safety while supporting the weight of his motorcycle with his feet." Id. at ¶ 9.

Further, Defendants did not provide any warning or notice "that there was dangerously loose pavement or an unsafe condition." Id. at ¶ 10.

Plaintiff filed suit on January 13, 2020 in the Superior Court Division of the General Court of Justice of Henderson County, North Carolina. Defendants removed the case on February 24, 2020. (Doc. 1).

## II. Legal Standard

When considering a motion made pursuant to Rule 12(b)(6), the court accepts the allegations in the complaint as true and construes them in the light most favorable to the plaintiff. See Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Francis v.

2

Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009).

The court, however, is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 192. That is, while "detailed factual allegations" are not required, the complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); accord Consumeraffairs.com, 591 F.3d at 255. In short, the well-pled factual allegations must move a plaintiff's claim from conceivable to plausible. Twombly, 550 U.S. at 570; Consumeraffairs.com, 591 F.3d at 256.

## III.    Subject Matter Jurisdiction

In their Notice of Removal, Defendants assert that federal subject matter jurisdiction over this matter exists pursuant to 28 U.S.C. § 1332.[1]

---

[1] Doc. 1. It appears that the parties are completely diverse. Plaintiff is a citizen and resident of South Carolina. Complaint (Doc. 1-1) at ¶ 1. Defendant Southeast Energy, LLC ("Southeast Energy") is a North Carolina limited liability company. Id. at ¶ 2. According to the Notice of Removal, Southeast Energy has one member. Several entities/individuals own interests in that member and other related companies,

3

While the Notice of Removal states that the amount in controversy exceeds $75,000, exclusive of interest and costs, Plaintiff's Complaint seeks damages in excess of $25,000. <u>See</u> Doc. 1, ¶ 6; Doc. 1-1, ¶ 17. Consequently, in an Order filed on April 29, 2020, the undersigned directed Defendants to file a memorandum describing the basis for their contention that the amount in controversy was sufficient to support diversity jurisdiction. Doc. 6. Plaintiff was also given leave to respond. <u>Id</u>.

Defendants made their filing the same day and advised that, prior to removal, Plaintiff had declined to stipulate that he would not seek a judgment in excess of $75,000. Doc. 7. Defense counsel further stated that Plaintiff had submitted a written settlement demand which indicated that Plaintiff's anticipated special damages exceed $75,000. <u>Id</u>.[2]

In response, Plaintiff similarly advised that his claims for anticipated medical bills and lost wages alone would be in excess of $75,000. Doc. 8.

---

though none are domiciled in North Carolina. Doc. 1 at 2. Defendant Anne E. Dyer is a resident of Tennessee. Doc. 1-1 at ¶ 3.

[2] In their filing, Defendants state they "believe that this information satisfies the Court's curiosity about the amount in controversy" but that they are happy to provide any further information if "requested." Doc. 7, p. 2. While the undersigned appreciates the information submitted, Defendants are advised that the April 29, 2020 Order was not issued out of "curiosity" but because, as stated in the Order, federal courts have an independent obligation to determine that subject matter jurisdiction exists. Doc. 6.

4

Consequently, it appears that the amount in controversy requirement is satisfied.

## IV. Discussion

Plaintiff's Complaint asserts a single claim for direct negligence against Defendants.

In their Motion to Dismiss, Defendants argue that the allegations in Plaintiff's Complaint demonstrate that Plaintiff was contributorily negligent as a matter of law such that dismissal of Plaintiff's claim is warranted. Doc. 3. In support of this argument, Defendants rely on North Carolina authorities such as <u>Henley v. Walmart Stores, Inc.</u>, an unpublished opinion from the North Carolina Court of Appeals, in which the plaintiff fell and was injured after stepping backward into a hole, or broken place in the sidewalk, as she was pulling a shopping cart from a line of carts. 162 N.C. App. 180 (2004). At trial, the plaintiff testified that she did not look before she stepped backward and acknowledged that had she done so, nothing would have prevented her from seeing the hole. The North Carolina Court of Appeals affirmed the trial court's order granting a defense motion for directed verdict at the close of the plaintiff's evidence and found that the plaintiff's testimony had disclosed as a matter of law that her fall and injuries "were occasioned, at least in part, by her own failure to exercise ordinary care for her own safety" and that

"plaintiff's own evidence revealed the hole, or broken place, in the sidewalk was an obvious condition."

Defendants here argue that Plaintiff's allegations are indistinguishable from those in <u>Henley</u> and other authorities and that, while it may be proper to walk a motorcycle into a parking space, "it is not proper to walk a motorcycle backwards without first inspecting where one is walking." Doc. 3-2 at p. 6.

Plaintiff counters that a reasonableness standard will govern Plaintiff's claim, notes that Defendants cite no cases where a court granted a landowner's motion to dismiss on the issue of contributory negligence, and contends that this matter is more similar to a case involving hidden dangers. <u>See</u> Doc. 4, pp. 5-8.

"Federal courts in diversity cases apply the law of the forum state." <u>Roe v. Doe</u>, 28 F.3d 404 (4th Cir. 1994) (citing <u>Erie Railroad Co. v. Tompkins</u>, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)).

"In <u>Nelson v. Freeland</u>, the Supreme Court of North Carolina abolished the distinction between landowner's duties to invitees versus licensees and instead replaced the different standards with a singular standard: landowners owe all lawful visitors a 'duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors.'" <u>Stricklin v. Stefani</u>, 358 F. Supp. 3d 516, 531 (W.D.N.C. 2018) (quoting <u>Nelson v. Freeland</u>, 349 N.C. 615, 507 S.E.2d 882, 892 (1998)).

Under this standard, "a landowner need not warn of any 'apparent hazards or circumstances of which the invitee has equal or superior knowledge.'" Von Viczay v. Thoms, 140 N.C. App. 737, 739, 538 S.E.2d 629, 631 (2000) (quoting Jenkins v. Lake Montonia Club, Inc., 125 N.C.App. 102, 105, 479 S.E.2d 259, 262 (1997)). That is, "there is no duty to warn a lawful visitor of a hazard obvious to any ordinarily intelligent person using her eyes in an ordinary manner[.]" Dowless v. Kroger Co., 148 N.C. App. 168, 171, 557 S.E.2d 607, 609 (2001) (brackets and internal quotation marks omitted). A plaintiff who "does not discover and avoid an obvious defect… will usually be considered to have been contributorially [sic] negligent as a matter of law." Price v. Jack Eckerd Corp., 100 N.C. App. 732, 736, 398 S.E.2d 49, 52 (1990).

Determining "the existence of contributory negligence is ordinarily a question for the jury[.]" Martishius v. Carolco Studios, Inc. 355 N.C. 465, 479, 562 S.E.2d 887, 896 (2002); see also Sharp v. CSX Transp., Inc., 160 N.C. App. 241, 245, 584 S.E.2d 888, 891 (2003) (reversing trial court's order granting motion to dismiss).

A complaint may be dismissed based on contributory negligence but only when the allegations, taken as true, show contributory negligence "so clearly that no other conclusion can be reasonably drawn therefrom.'" Sharp, 160 N.C. App. at 244–45 (quoting Ramey v. S. Ry. Co., 262 N.C. 230, 234, 136 S.E.2d 638, 641 (1964)); accord Ragland v. Moore, 299 N.C. 360, 363, 261 S.E.2d 666,

7

668 (1980) ("[I]t is only in exceptional negligence cases that summary judgment is appropriate, since the standard of reasonable care should ordinarily be applied by the jury under appropriate instructions from the court.").

In this case, though Plaintiff's Complaint indicates that he was "walking backwards" at the time of the subject incident, the Complaint also alleges that Plaintiff was engaged in parking his motorcycle using "the proper method" -- placing it in neutral and walking it backwards toward the "desired destination." Doc. 1-1, ¶ 8.

Further, Plaintiff does not allege that he stepped into a visible hole or broken section of pavement but rather that the pavement "dislodged and disintegrated beneath him" and that the area where he fell was unusually dangerous as it was not reasonably maintained, a fact that was unknown to Plaintiff but allegedly well known to Defendants and their employees. Doc. 1-1, ¶¶ 8-9.

On the current record, and when the facts as alleged are construed in the light most favorable to Plaintiff, it is not apparent that "'no other conclusion' but contributory negligence 'can be reasonably drawn'". Huffman v. Brinker N. Carolina, Inc., No. 1:19CV336, 2020 WL 1158419, at *4 (M.D.N.C. Mar. 10, 2020). Therefore, and without expressing any opinion as to whether Plaintiff's claim may be able to withstand challenges at later stages of the proceedings,

the undersigned is persuaded that Plaintiff's claim should be allowed to proceed at this time.

## V.    Recommendation

Having carefully considered the parties' arguments, the record, and applicable authority, the undersigned respectfully **RECOMMENDS** that Defendants' Motion to Dismiss (Doc. 3) be **DENIED**.

Signed: May 26, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(C), and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).